Per Curiam.

Appellant, The Manufacturers Light & Heat Company, under authority of Section 614-32, *79 General Code (now Section 4909.16, Revised Code), on September 21,1953, filed with the Public Utilities Commission an application for emergency or interim natural gas rates to be effective pending final disposition of an application for a permanent rate increase, then and now pending before the commission, the application for interim rates alleging that a financial emergency existed due to increasing costs of property replacements, additions to plant, and gas purchased from major suppliers.
At the hearing on the application for interim rates, held on January 21, 1954, protestants entered appearances but the proceeding was uncontested. On February 9, 1954, the commission issued a finding and order that an emergency did exist and authorized collection of interim emergency rates pending determination of the application for a permanent rate increase. No application for rehearing was filed, and no appeal was taken from that order. On April 14,1954, the commission, on its own motion, scheduled a public hearing for April 26 to determine whether the emergency upon, which the temporary rates were granted still existed. At the hearing on April 26, protestants took an active part by cross-examination of appellant’s witnesses and by introduction of testimony. On June 16, the commission issued an order that the emergency no longer existed and rescinded the order of February 9. An application for rehearing was overruled.
An appeal from the order of June 16 brings the cause to this court for review. Appellant contends that the record does not support the commission’s finding that an emergency no longer existed, and that the order of June 16 is arbitrary, unreasonable and unlawful.
Section 4909.16, Revised Code, provides that when the Public Utilities Commission “deems it necessary *80 to prevent injury to the business or interests of the public or of any public utility * * * in case of an emergency to be judged by the commission it may temporarily alter, amend, or * * * suspend any existing rates ’ ’; and that ‘ ‘ rates so made * * * shall take effect at such time and remain in force for such length of time as the commission 'prescribes.”
Under the provisions of that section the determination of whether an emergency exists, warranting a temporary alteration of rates, and the length of time such altered rates shall remain in effect are within the judgment and sound discretion of the Public Utilities Commission. City of Cambridge v. Public Utilities Commission, 159 Ohio St., 88, 111 N. E. (2d), 1.
This court is of the opinion that the commission, in making the finding and order here complained of, did not abuse its discretion.
The order of the Public Utilities Commission is affirmed.

Order affirmed.

Weygandt, . C. J., Matthias, Hart, Zimmerman. Stewart, Bell and Taft, JJ., concur.